IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTOPHER LAMONT HAMES, 1860638, )
    Petitioner, )
)
v. )    No. 3:14-CV-3121-N
)
WILLIAM STEPHENS, Director, TDCJ-CID, )
    Respondent. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

### I.   Procedural Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 23, 2013, he pled guilty pursuant to a plea agreement to harassing a public servant. *State of Texas v. Christopher Lamont Hames*, No. F1316565-W (363rd Dist. Ct., Dallas County, Tex., May 23, 2013). The court sentenced him to two years in prison. He did not file an appeal.

On February 27, 2014, Petitioner filed a state habeas petition. *Ex parte Hames*, No. 81,496-01. On July 9, 2014, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On August 24, 2014, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. He argues:

1. He received ineffective assistance of trial counsel when:

    (a) counsel failed to obtain an expert to assess Petitioner's competency and present the defense of duress;

    (b) counsel failed to present his motion to suppress;

2. The evidence was insufficient to support the conviction; and

3. His guilty plea was involuntary.

## II. Discussion

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*,

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 2**

529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

2.  **Guilty Plea**

Petitioner argues his guilty plea was involuntary because (1) he had an incomplete understanding of the charge; (2) he was not made aware of the direct consequences of his plea; and (3) he was under duress due to a pending DWI charge. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

In this case, the record shows Petitioner enter his guilty plea freely and voluntarily. Petitioner signed a plea agreement in which he stated he understood the nature of the charge, the range of punishment and the consequences of his guilty plea. *Ex parte Hames* at 55-58. He admitted he committed the offense as charged and stated his guilty plea was made freely and voluntarily. *Id.* Petitioner also signed a judicial confession admitting that he committed the offense. *Id.* at 59. Petitioner stated his guilty plea was not influenced by fear or persuasion, but was made voluntarily. *Id.* at 55-58. Petitioner has failed to show his guilty plea was involuntary or subject to duress.

3.  **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

A.  **Competency**

Petitioner claims his counsel was ineffective because counsel failed to hire an expert to evaluate his competency and raise a duress defense.

The test for determining competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *see also, Godinez v. Moran*, 509 U.S. 389, 398-99 (1993). Because a state court's competency finding is presumed correct, a petitioner bears a heavy burden in contesting his competency during federal collateral review. *DeVille v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994).

Petitioner's counsel submitted an affidavit in state court responding to Petitioner's claims. *Ex parte Hames* at 42-48. Defense counsel stated he represented Petitioner in four cases. In the first two cases, Petitioner was charged with family violence assault and DWI third. Petitioner was placed on bond and counsel stated he worked with Petitioner over the next fifteen months to establish a record that "would put his best food forward" when it came to sentencing. Counsel stated that at an early age, Petitioner had been diagnosed as Schizoaffective and was a patient at Metro Healthcare. Counsel advised Petitioner to reinitiate therapy. Thereafter, Petitioner attending two weekly counseling meetings for alcohol and behavioral therapy. Petitioner also completed his first semester of college.

While on bond, Petitioner was charged with two new cases – evading arrest and harassment of a public servant. Petitioner's bond was revoked and he was incarcerated.

Petitioner pled guilty to DWI third and was sentenced to ten years in prison. He admitted during sentencing that he had spit on a public servant, which resulted in the harassment of a public servant charge. Pursuant to a plea agreement, Petitioner pled guilty to the harassment

charge and was sentenced to two years in prison to run concurrently with his DWI third sentence. The State dismissed the other two charges. At the DWI third sentencing hearing, counsel called a therapist from Metro Care to testify on Petitioner's behalf.

The record shows that defense counsel and the court were aware of Petitioner's Schizoaffective disorder. One of Petitioner's Metro Care therapists testified during his DWI sentencing, which was held before the same judge who presided over his harassment of a public servant case. The record also shows that while on bond, Petitioner was able to attend weekly therapy meetings and complete a semester of college. He has submitted no evidence that he was incompetent to plead guilty.

Additionally, although Petitioner claims counsel failed to raise the defense of duress, he has failed to explain this claim. Petitioner's ineffective assistance of counsel claims should be denied.

**B.     Motion to Suppress**

Petitioner claims his counsel was ineffective because he failed to file a motion to suppress. Claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's claim does not relate to the voluntariness of his guilty plea. *See id.* (finding claims of ineffective assistance of counsel for failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and failure to find flaws in the prosecution's case were non-jurisdictional and waived by valid guilty plea); *see also, Wisener v. Thaler*, No. 4:09-CV-359-Y, 2010 WL 546738 at *4 (N.D.

Tex. Feb. 17, 2010) ("[T]o the extent [petitioner] complains that . . . trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are non-jurisdictional and are waived by the plea.") (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)); *Walker v. Thaler*, No. 4:11-CV-776-, 2012 WL 426639 at *6 (N.D. Tex. Feb. 10, 2012) (finding valid guilty plea waived claims that counsel "failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file pretrial motions."). This claim should therefore be denied.

### 4.   Sufficiency of the Evidence

Petitioner claims the evidence was insufficient to support the conviction. He also claims he did not admit guilt and did not sign the judicial confession.

As a general rule, a defendant may not collaterally attack a voluntary and intelligent guilty plea. *Taylor v. Whitley*, 933 F.2d 325, 327 (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984); *see also Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986) (citations omitted) (finding that a knowing and voluntary guilty plea "generally waives all claims relating to events preceding the guilty plea, including constitutional ones, in a subsequent habeas proceeding.")  As discussed above, the Court finds that Petitioner entered a knowing and voluntary guilty plea. His claims regarding the sufficiency of the evidence are therefore waived.

Additionally, the record shows Petitioner signed both the plea agreement and the judicial confession in which Petitioner admitted he committed the offense as charged in the indictment. *Ex parte Hames* 55-59. Petitioner's claim is without merit.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

5. **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## III. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 23 day of Nov, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).